**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **DEE FORTKAMP, CHARLYNN HAMILTON, JAMES HOWARD, JIMMIE HOWARD, DEAN HOWARD, FRANCIS PERLINGER, on behalf of themselves and all others similarly situated,** )<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 8:05CV459**<br><br>**TRANSFER ORDER** |
| **Plaintiffs,** )<br>) | |
| vs. )<br>) | |
| **E. I. DUPONT DE NEMOURS AND COMPANY, PIONEER HI-BRED INTERNATIONAL, MONSANTO COMPANY,** )<br>)<br>)<br>) | |
| **Defendant.** ) | |

This matter is before the Court on the parties' Joint Motion to Transfer the case to the United States District Court for the Eastern District of Missouri (Eastern Division) (Filing No. 3). In support of the motion to transfer venue, the parties represent that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Filing No. 1 and 4). In the Amended Petition, the Plaintiffs allege that they purchased genetically modified seed from the Defendants, and that the Defendants engaged in illegal, unfair, and anti-competitive trade and commercial practices in violation of Nebraska common law, the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1602-1605 (Reissue 2004), and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-303.01 (Reissue 1999) and the Sherman Act, 15 U.S.C. § 1. I agree the Court has jurisdiction over the matter given the inclusion of the Sherman Act claim.

The parties seek to transfer this case to the Eastern District of Missouri, Eastern Division. Transfer is appropriate pursuant to 28 U.S.C. § 1404(a) when the parties seek

transfer to another district where the matter "might have been brought," and the convenience of the parties and witnesses and the interests of justice are served. The transfer may be made in the Court's discretion upon motion or stipulation of the parties. 28 U.S.C. § 1404(b), provided the Court has satisfied itself that the change of venue is appropriate.

I have undertaken an "evaluation of the particular circumstances at hand and a consideration of all relevant factors," and I conclude that the motion to transfer should be granted. *See, Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (noting the three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.) All the Defendants transact business in the Eastern District of Missouri. The parties have agreed that the convenience of the parties and the witnesses will be served by transfer to a new venue. In addition, I find that judicial economy will likely be served by the change in venue. Accordingly, the Joint Motion to Transfer pursuant to 28 U.S.C. §1404 shall be granted.

IT IS ORDERED:

1. The Joint Motion to Transfer (Filing No. 3) is granted;
2. The case shall be transferred to the Eastern District of Missouri, Eastern Division; and
3. The Clerk of the Court shall take every action needed to accomplish the transfer and to terminate this case for statistical purposes.

Dated this 24th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge